**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHAUN MICHAEL KENNEDY, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil Action |
| v. | No. 16-cv-06776(JBS-AMD) |
| CAMDEN COUNTY JAIL, | **OPINION** |
| Defendant. | |

APPEARANCES

Shaun Michael Kennedy
Plaintiff Pro Se
11 Hickory Place
Bellmawr, NJ 08031

**SIMANDLE, Chief District Judge:**

1.   Plaintiff Shaun Michael Kennedy seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("CCJ") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

2.   Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

1

3.    First, the Complaint must be dismissed with prejudice
as to claims made against the CCJ because defendant is not a
"state actor" within the meaning of § 1983. *See Crawford v.
McMillian*, No. 16-3412, 2016 WL 6134846, at *2 (3d Cir. Oct. 21,
2016) ("[T]he prison is not an entity subject to suit under 42
U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992
(3d Cir. 1973); *Grabow v. Southern State Corr. Facility*, 726 F.
Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a
"person" under § 1983).

4.    Second, for the reasons set forth below, the Court
will dismiss the Complaint without prejudice for failure to
state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

5.    The present Complaint does not allege sufficient facts
to support a reasonable inference that a constitutional
violation has occurred in order to survive this Court's review
under § 1915. Even accepting the statements in Plaintiff's
Complaint as true for screening purposes only, there is not
enough factual support for the Court to infer a constitutional
violation has occurred.

6.    To survive *sua sponte* screening for failure to state a
claim[1], the Complaint must allege "sufficient factual matter" to

---
[1] "The legal standard for dismissing a complaint for failure to
state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the

show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

7.   With respect to alleged facts giving rise to his claims, Plaintiff's Complaint states: "I was forced to sleep on the floor of Camden County Jail. I would get splashed with

---

same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

urine, throw up and stepped on because I had to sleep next to the toilet or halfway under the beds. I got jumped and extorted and feared for my life so I had to go into protective custody and still remained on the floor. I am traumatized due to seeing another inmate jump from the second floor with a sheet tied around his neck. My stay has left me mentally and physically messed up. Infections on my feet still have issues to this day." Complaint § III(C).

8.   With respect to alleged injuries from the event(s) giving rise to claims made in his Complaint, Plaintiff states: "Neck and back problems. I have been to doctors and hospital for my pain. I have also been to psychiatric doctors for mental issues I have got [*sic*] from being in Camden County Jail. Infections on my feet that I am still currently dealing with. I have been to numerous hospitals and foot doctors for this issue which is still ongoing from the showers at Camden County Jail because the drains are clogged with dirty nasty water." *Id*. § IV.

9.   Plaintiff does not quantify any monetary amount for the relief he seeks: "I would like the state to fix the issue of allowing inmates to go through such harsh conditions while incarcerated. I would like to be compensated for all the humiliation and abuse I went through physically, mentally and emotionally. I still have neck and back problems, and nightmares

due to my stay at Camden County Jail. Still dealing with health issues in my feet due to my stay. Compensate for medical bills and physical, mental and emotional damage that has and still affects me to this day." *Id.* § V.

10. These claims must be dismissed because the Complaint does not set forth enough factual support for the Court to infer that a constitutional violation has occurred.

11. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned

to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

12.  Plaintiff may be able to amend the Complaint to particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.[2]

13.  Plaintiff is further advised that any amended complaint must plead specific facts regarding the conditions of confinement. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

14.  Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the

---

[2] The amended complaint shall be subject to screening prior to service.

6

amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

15.  For the reasons stated above, the Complaint is: (a) dismissed with prejudice as to the CCJ; and (b) dismissed without prejudice for failure to state a claim.

16.  An appropriate order follows.

**February 1, 2017**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
Chief U.S. District Judge